# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Lewis Peoples, III,

    Plaintiff,

v.

North Las Vegas Police Department,

    Defendant.

Case No.: 2:12-cv-946-JAD-NJK

**Order Granting Defendant's Motion to Dismiss [Doc. 10] with Leave to Amend**

Plaintiff Lewis Peoples III sues the North Las Vegas Police Department for an alleged traffic-stop arrest in 2012. Doc. 5. The NLVMPD moves to dismiss his complaint because: (1) the NLVMPD is not a separate legal entity subject to suit, and (2) Plaintiff's allegations are too thin and conclusory to state any cognizable claim for relief. Doc. 10. The Court finds this motion appropriate for disposition without oral argument, grants the motion to dismiss, but gives Plaintiff 20 days to file an amended complaint naming the proper defendant and providing enough facts to state a viable claim.

## Discussion

**A.  Motion to Dismiss**

The NLVMPD argues that it is not subject to suit because it is not organized as a separate municipal entity, and only separate corporations may be properly sued. Doc. 10 at 3. A public agency is not a person or entity subject to suit unless that agency is a separate legal entity.[1] Under Federal Rule of Civil Procedure 17(b), an entity's capacity to be sued is

---

[1] *Harvey v. Estes*, 65 F.3d 784, 791-92 (9th Cir. 1995).

determined under Nevada state law.[2]  In Nevada, "[i]n the absence of statutory authorization, a department of the municipal government may not, in the departmental name, sue or be sued."[3]  The proper defendant is instead the municipality itself, not a department of the municipality.  Peoples's citations to foreign authority and dictionary definitions of the word "person" miss the point.  The NLVMPD is simply not a separate legal entity in Nevada with the legal capacity to be sued in its departmental name.  Other trial courts in this district have similarly held the NLVMPD immune from suit and dismissed claims against it on that basis.[4]  This Court reaches the same conclusion here and grants the NLVMPD's motion to dismiss.  The appropriate target defendant for Plaintiff's claims is the City of North Las Vegas, not its police force.

**B.     The Complaint fails to state any cognizable claim for relief.**

Plaintiff's claims must be dismissed for the independent reason that Plaintiff has not stated enough facts to support a claim under any theory he references.  Federal Rule of Civil Procedure 8(a) supplies the standard for pleadings in a federal cause of action and states, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."[5]  A district court may dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).[6]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[7]  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

---

[2] Fed. R. Civ. Proc. 17(b).

[3] *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev.1996) (citation omitted).

[4] *See, e.g.*, *Ali v. City of North Las Vegas*, 2012 WL 2503071, at *3 (D. Nev. June 28, 2012); *Wallace v. City of North Las Vegas*, 2011 WL 2971241, at *1 (D. Nev. July 20, 2011).

[5] Fed. R. Civ. Proc. 8(a).

[6] Fed. R. Civ. Proc. 12(b)(6).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level."[8] The Court is also "not bound to accept as true a legal conclusion couched as a factual allegation."[9] To state a "plausible" claim for relief, the plaintiff must "plead[] factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[10] This requires a plaintiff to state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged.[11]

Plaintiff does little more in his complaint [Doc. 5] than string together various buzzwords ("A Natural man rights of the Constitution on Amendment 4 and 9 was violated. Illegal searches and seized of property. False imprisonment and cruel treatment and slander. Police Officer's [sic] acted under 'color of law.' It was no probable cause for their actions.") Doc. 5 at 3. Although he offers a handful of facts describing what he contends was an unconsented-to search and unlawful seizure, the only legal theory he comes close to stating a claim under is the Fourth Amendment. But even that claim is legally insufficient because Plaintiff does not allege that the offending actions were the result of an official policy or custom. Thus, even if the Court were not dismissing the complaint based on Plaintiff's naming of the wrong defendant, the complaint would be dismissed for failure to state sufficient facts to support any claim.[12]

## C.  Leave to Amend

Although Peoples does not request leave to amend his complaint, the Court, out of an abundance of caution, considers whether such relief should be afforded. Under Fed. R. Civ.

---

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[9] *Id.* (quoting *Papsan v. Allain*, 478 U.S. 265, 286 (1986)).

[10] *Iqbal*, 556 U.S. at 678-79.

[11] *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

[12] As Peoples has not stated any cognizable state law claim, the Court does not reach the question of whether it would exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

Proc. 15(a), a plaintiff may amend his or her complaint once as a matter of course within 21 days after service of a responsive pleading.[13] After the time for amendment as a matter of right has elapsed, leave to amend should be freely granted when justice so requires.[14] A district court abuses its discretion when it dismisses a complaint without granting leave to amend at least once or determining that the allegations, if adequately pled, could survive a motion to dismiss.[15]

Peoples is a pro se plaintiff who named the wrong defendant entity and has not stated sufficient facts to support any claim. In the interests of justice and the liberal amendment policy, the Court permits Peoples to file a newly amended complaint within the next 20 days to remedy the defects in Peoples's claims by substituting the NLVMPD with the proper defendant and adding facts that give rise to the legal claims he believes he can properly support. **Peoples is cautioned:**

1. If he chooses to file an amended complaint, it must comply with all rules of this Court, which include the Federal Rules of Civil Procedure (available on the U.S. Courts website at http://www.uscourts.gov/uscourts/rules/civil-procedure.pdf) and the Local Rules of Practice for the District of Nevada (available on this Court's website at http://www.nvd.uscourts.gov/). A plaintiff is not relieved of the obligation to follow all rules of this Court simply because he has chosen to represent himself.[16]

2. Although the Court is in no way identifying all of the rules and procedures that Plaintiff must follow, it will highlight a few of the rules that specifically apply to the form of complaints. For example (and again, this list is in no way exhaustive and Plaintiff has the obligation to research, become familiar with, and comply with **all** of the rules of this Court):

---

[13] Fed. R. Civ. Proc. 15(a)(1)(B).

[14] *Id.* at 15(a)(2); *Forman v. Davis*, 371 U.S. 178, 182 (1962).

[15] *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

[16] *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (pro se litigants "must follow the same rules of procedure that govern other litigants"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates.").

      a.    Peoples's Second Amended Complaint must also comply with Federal Rule of Civil Procedure 8, which (as noted above) requires a complaint to contain:

          (1)    a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

          (2)    a short and plain statement of the claim showing that the pleader is entitled to relief; and

          (3)    a demand for the relief sought, which may include relief in the alternative or different types of relief.[17]

      b.    To survive dismissal, a complaint must give each defendant "fair notice of what the claim is and the grounds upon which it rests."[18] This standard requires inclusion of the factual and legal basis for each claim. Thus, Peoples's amended complaint must specifically allege what law, statute, or constitutional provision he claims was violated by the conduct he alleges, such that the defendant will be on notice of the factual and legal basis for the claims he seeks to assert against it. Each claim should be broken out into a separate cause of action that contains all of the essential elements of the claim asserted and states the specific relief requested for that claim (For example: "Count One - § 1983 - Fourth Amendment Violation").

      c.    Plaintiff is also cautioned that an amended complaint must be "complete in itself without reference to the" previous version of the complaint. *See* Local Rule 15-1(a). Therefore, Plaintiff must carry forward into the new draft any information that he wants to continue to plead; the Court cannot and will not simply refer back to a prior pleading for other information because an amended complaint supersedes all prior versions as if the prior versions never existed, and all allegations and claims not carried forward are deemed waived.[19] The new pleading must be titled "Second Amended Complaint."

---

[17] Fed. R. Civ. Proc. 8(a).

[18] *Twombly*, 550 U.S. at 555 (2007) (citation omitted).

[19] *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011).

d. Given this specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff leave to file a third amended complaint if the second amended complaint is to be found deficient.[20]

e. Plaintiff's failure to file a properly pled second amended complaint that complies with the rules of this Court within 20 days of this order will result in the termination of this case without further notice because all of Peoples's claims have been dismissed under Rule 12(b)(6).

**Conclusion**

**IT IS HEREBY ORDERED** that the NLVMPD's Motion to Dismiss [Doc. 10] is GRANTED. If Peoples desires to maintain this action, he must file a Second Amended Complaint within the next 20 days that cures the deficiencies identified in this Order. Plaintiff's failure to timely file a proper Second Amended Complaint in full compliance with this order and the rules of this Court may result in the dismissal of this case with prejudice.

DATED: July 17, 2014

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

Clerk to notify:
Lewis Peoples, III
5236 Tiger Cub Court
North Las Vegas, NV 89031

---

[20] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).